MICHAEL FERCH v. VICTORIA ELEVATOR COMPANY.

May 11, 1900.

Nos. 11,925—(51).

**Grain—Laws 1895, c. 148, § 4, a Penal Statute.**

The requirements of Laws 1895, c. 148, § 4, providing for a recovery of one cent per bushel for the withholding of wheat from any person having a storage receipt, after demand, must be considered as penal in character; and it must be held that a strict compliance with all its terms and conditions is necessary to set the statute in motion.

**Demand.**

A demand upon the agent's son at the usual place of business of the agent did not constitute a proper demand of the agent or of the defendant in this case.

**Same—Evidence.**

The facts showing the attempted demand considered, and *held* insufficient for that purpose.

Action in the district court for Big Stone county to recover $6,086.52 damages for refusal to deliver wheat pursuant to Laws 1895, c. 148, § 4. The case was tried before C. L. Brown, J., who at the close of plaintiff's testimony granted defendant's motion for a dismissal of the action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*C. M. Ferguson* and *Thomas Kneeland,* for appellant.

*E. T. Young,* for respondent.

LOVELY, J.[1]

Action to recover over $6,000 for the violation of the statute which provides that as against any person storing wheat under the

---

[1] BROWN, J., having tried this case when district judge, took no part.

warehouse laws of this state, who has issued storage receipts for the same,

"On the return or presentation of such receipts by the lawful holder thereof, properly indorsed, at the elevator or warehouse where the grain represented therein is made deliverable and upon the payment or tender of payment of all lawful charges,  *   *   * the grain shall be immediately delivered to the holder of such receipt,  *   *   *  The grain represented by such receipt shall be delivered within twenty-four hours after such demand shall have been made and cars or vessels or other means of receiving the same from the elevator or warehouse shall have been furnished.

If not delivered upon such demand within twenty-four hours after such car, vessel or other means for receiving the same shall have been furnished, the warehouse in default shall be liable to the owner of such receipt for damages for such default, in the sum of one cent per bushel, and in addition thereto one cent per bushel for each and every day of such neglect or refusal to deliver." Laws 1895, c. 148, § 4.

The plaintiff had in store at the defendant's warehouse at Correll, in this state, upwards of 1,900 bushels of wheat.   On July 31, 1896, plaintiff and one Woods, defendant's agent in charge of the warehouse, had a settlement for warehouse charges, and the proper storage receipts under the warehouse law were delivered to plaintiff.   There had been a general clearing out of the wheat for the past season.   The grain had all been shipped out of the elevator, and the term of Woods' service as general agent under his contract had expired on the day last mentioned.   The agent, Woods, had a store adjoining the elevator, where he had previously transacted its business, as defendant's agent in paying off and settling with its customers, and continued to retain the keys of the elevator and to transact business for the defendant, with its consent, some time after August 1 following.   On August 1, the day after the receipts were issued, the plaintiff made out a written demand for the wheat, and went to the elevator with the amount of charges for its storage, and the proper means of receiving and shipping the grain provided for in the statute.   The elevator was closed and empty. Plaintiff then went to the store of Woods, in the absence of the latter, and, after nine o'clock at night, served a written demand for his wheat on Woods' minor son, who was temporarily in charge of

79 M.—27

the store, also tendered to such minor sufficient money to pay the storage. The boy refused to receive the money, and plaintiff left it with the written demand on the counter. No other demand was ever made.

Upon proof of these facts, the trial court dismissed the action upon the ground that no proper demand to set the statute in operation had been made. A motion for a new trial was made and overruled. An appeal therefrom is taken to this court.

We agree with the learned trial court that the demand for the wheat was insufficient to set in motion this severe and rigorous statute, under which, by mere force of its operation, dependent upon demand, and the running of time thereafter, the defendant would, by its alleged default, not only be liable for the grain itself, which it afterwards paid for, but for something over $6,000 for its refusal to deliver 1,900 bushels of wheat on demand. We are willing to go to the utmost limit, which reason will justify, to sustain the warehouse laws of this state; and, though the consequences may be severe for not complying with the statutory duty, such consequences for the refusal to comply therewith must be considered as a punishment, and the proof of demand should not be in doubt. Under the section of the statute referred to, the money claimed being in the nature of a penalty,—a severe one, if recoverable,—it must be held that the demand which is the basis for the penalty should be made in strict obedience to the statute. Clearly, in this case it was not so made.

Conceding that Woods was the agent of the defendant company, the warehouse being closed, and he being in occupation of his store, which was the usual place of business for the elevator, and having the keys at that place, a demand should at least have been made upon him personally, if it could have been done, and it does not seem in doubt but that it could, although the plaintiff might have been required to wait overnight, or for a day or two, to have served the written claim upon him. The boy of Woods had helped his father to some extent about the elevator, it is true, but was not the agent or subagent of the defendant, in any sense. Such a service of a summons in a civil action as was made in this case would not have been a good service on Woods personally, nor even a sub-

stituted service under the statute; and since the plaintiff, who adopted this method of service as the sole foundation of his claim, must rely upon such service to support it, it must be held that upon the proof of such demand the statute punishing the elevator company by inflicting upon it the severe penalty of one cent per bushel for every twenty-four hours of detention after demand, did not become operative.

The order appealed from is affirmed.